IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

ANDREA J. FELTS,

       Plaintiff,

vs.                            No. 08-CV-755 WJ/WDS

ACCREDITED COLLECTION AGENCY,
INC. d/b/a ACA RECOVERY, INC., and
NORMAN G. KALINA,

       Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO SET ASIDE JUDGMENT

THIS MATTER comes before the Court on Defendants' Rule 60(b) Motion to Set Aside Judgment (Doc. 15), filed February 8, 2010. The Court has reviewed the motions and briefs submitted by the parties, and the relevant authorities. The Court concludes that the motion to set aside should be denied.

## BACKGROUND

On October 14, 2008, Plaintiff successfully served Defendant Accredited Collection Agency, Inc. (ACA), through its registered agent, Jeffrey Winters, with a Summons and Complaint. *See* Doc. 2. On December 5, 2008, Plaintiff filed an Amended Complaint (Doc. 3), which she served on Defendant ACA on February 12, 2009, *see* Doc. 4, and on Defendant Norman Kalina, an attorney licensed in New Jersey and New York, on February 15, 2009, *see* Doc. 5. The Amended Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., and of the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1, et seq. *See* Doc. 3. Defendants failed to respond to the Complaint. On April 10, 2009, Plaintiff moved for an entry of default and also

1

moved for an evidentiary hearing on the issue of damages, notifying the Defendants by certified mail.  *See* Docs. 7-9.  The Defendants did not respond to the motions.  On May 18, 2009, the Clerk entered an entry of default against Defendants.  *See* Doc. 10.  The Court set a date for the hearing, *see* Doc. 11.  Plaintiff filed a detailed brief, attaching exhibits showing her entitlement to damages, and sent it by certified mail to the Defendants, *see* Doc. 12.  On July 30, 2009, after conducting the hearing, the Court entered a Judgment Order against Defendants, granting Plaintiff a default judgment and finding that Defendants willfully violated the Fair Debt Collections Practices Act and the New Mexico Unfair Practices Act.  *See* Doc. 13 ¶¶ 4 and 5 at 2.   In the Order, the Court issued findings of fact and conclusions of law based upon evidence submitted at the damages hearing.  The Court awarded damages, including treble damages under the New Mexico Unfair Practices Act.  *See* Doc. 13 ¶ G at 3.

## LEGAL STANDARDS

"[D]efault judgments are not favored by courts." *Katzson Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir.1988).  A decision on the merits is the preferred resolution of a legal claim. *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1272 (10th Cir. 2001) (quoting *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992)).  Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1) & (b)(6).  The rule, which "should be liberally construed when substantial justice will thus be served," "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting,* Inc., 715 F.2d 1442, 1444 (10th Cir. 1983) (internal quotation marks omitted) (emphasis in original).

The moving party has the burden "to plead and *prove* excusable neglect." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (emphasis in original). "[W]hat constitutes excusable neglect is generally an equitable [determination, which takes] into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). All doubts in making the determination are resolved in favor of the party seeking relief. *Cessna Fin. Corp.*, 715 F.2d at 1445 (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Without a showing of an abuse of discretion, on appeal, a trial court's decision will not be overturned. *Id.*.

The Tenth Circuit has adopted three requirements that the moving party must establish in order to justify setting aside a default judgment under Rule 60(b): "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." *United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993). "[T]he court need not consider all three factors; if the default was the result of defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone." *Porter v. Brancato*, 171 FRD 303, 304 (D. Kan 1997) (citing *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 2002); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988); *Hunt v. Kling Motor Co.*, 841 F. Supp. 1098, 1107 (D. Kan. 1993)). The inquiry as to culpability is the threshold question; "if the moving party fails to make this showing, the Court need not consider evidence regarding a lack of prejudice to the non-moving party or the presence of a meritorious defense." *Simmons v. Ohio Civil Serv. Emp. Assoc.*, 259 F. Supp. 2d 677, 685 (S.D. Ohio 2003) (citing *Mfs' Indus. Relations Ass'n. v. East Akron Casting Co.*, 58 F.3d 204, 206 (6th Cir.1995)). The culpability requirement will generally only be met "if the party defaulted willfully or has no excuse for the default." *Timbers Preserve*, 999 F.2d at 454.

3

A defendant must be diligent in responding to claims against it. "We . . . hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Cessna Fin. Corp.*, 715 F.2d at 1444. "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp.*, 893 F.2d at 1146. "'Parties desiring relief must particularize, and generally do not acquit themselves of responsibility by showing merely that they placed the case in the hands of an attorney.'" *Id.* (quoting 7 Moore's Federal Practice ¶ 60.22[2], at 60-184 (2d ed. 1987)).[1] "There is simply nothing which offends justice about the denial of a motion to set aside a default judgment where the moving party, through counsel, has failed to comply with the procedural rules of the court." *Id.* at 1147.

Similarly, a party must not delay in filing its motion to set aside default judgment; he is not free to appear at his pleasure. Rule 60(c)(1) states that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) not more than a year after the entry of the judgment or order." The one-year time frame is an outer limit that is secondary to the requirement that the motion be made within a reasonable time. *See Berwick Grain Co., Inc. v. Ill. Dep't of Agriculture*, 189 F.3d 556, 560 (7th Cir. 1999). Whether a Rule 60(b) motion is made within a reasonable time "'depends upon the facts of each case, taking into consideration the interest

---

[1] *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007) (No excusable neglect was shown by defendant, and no setting aside of default judgment on that basis was warranted; purchaser did not move to set aside judgment until three and one-half months after being served, or more than one month after judgment, gave little specific information and no dates as to what had happened during those months, and had failed to check with outside counsel to insure that someone had been retained to respond to complaint). *See also, Mason Tenders Dist. Council Welfare Fund v. M & M Contracting & Consulting*, 193 F.R.D. 112 (S.D.N.Y. 2000) (Defendant's failure to timely recognize that its attorney had failed to file answer to complaint was not "excusable neglect," as required to support defendant's motion to vacate default judgment, especially where defendant had at least one year to inquire of attorney as to status of case).

in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.'" *United States v. All Monies from Account No. PO-204,675.0*, No. 97-1250, 162 F.3d 1174, 1998 WL 769811, **5 (10th Cir. Oct. 29, 1998) (unpublished) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). *See, e.g., Security Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1067-68 (10th Cir. 1980) (upholding denial of a Rule 60(b) motion on the ground that it was untimely because of unexplained 115-day delay between date of judgment and date motion filed); *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610-11 (7th Cir. 1986) (holding that delay of more than three months after plaintiff learned of dismissal was unreasonable under the circumstances); *Central Operating Co. v. Utility Workers of Am., AFL-CIO*, 491 F.2d 245, 253 (4th Cir. 1974) (finding no abuse of discretion in denying relief from judgment when defendants waited almost four months after receiving notice of default judgments before filing motions to vacate and provided no satisfactory explanation for delay).

## DISCUSSION

Defendants argue that they failed to respond to the Complaint as "a result of mistake, inadvertence, and/or excusable neglect," Motion (Doc. 15) ¶ 4 at 2, and that they "mistakenly, in good-faith, believed that Mr. Breslin would be representing their interest in this matter. Defendants failure to answer was a result of good cause." Memorandum (Doc. 16) at 9. Defendants further assert that they have a meritorious defense, *see* Motion ¶ 7 at 2, and did not act in bad faith in not responding to the Complaint, *see id.* ¶ 10 at 2. Defendants contend that Plaintiff will not be prejudiced if the default judgment is set aside. *See id.* ¶ 11 at 2.

Defendants argue that "[j]ustice requires that Defendants be allowed to have their day in court and defend the allegations against them based on the merits, not on procedural mistake." Memorandum at 11. But, Defendants have had plenty of opportunities to respond to Plaintiff's

filings and to have their day in court, and have not seized any of those opportunities.  The Federal Rules of Civil Procedure provide a party twenty-one days in which to file an answer after being served with a summons and complaint.  *See* FED. R. CIV. P.  12a(1)(A).  The Amended Complaint was served upon Defendant ACA and Defendant Kalina February 12 and 15, 2009, respectively.  In addition to her Complaints, on April 10, 2009, Plaintiff filed and served upon Defendants: Plaintiff's Motion for Entry of Judgment (Doc. 6), Plaintiff's Praecipe Requesting Clerk to Enter Default (Doc. 8), and Plaintiff's Motion for Setting of Evidentiary Hearing to Consider Default Judgment (Doc. 9).  Then, on July 23, 2009, Plaintiff filed and served upon Defendants Plaintiff's Brief on Damages (Doc. 13).  On August 24, 2009, Michael J. Breslin, the attorney Defendants state they believed was handling their matter, sent Defendant ADA, with a copy to Defendant Kalina, a letter advising them to retain New Mexico counsel to resolve their matter.  *See* Doc. 16-1.  Despite receiving all of these documents, Defendants chose to do nothing until February 8, 2010.

Defendants contend that "[their] failure to timely respond was due to an honest, inadvertent mistake by Defendants in reasonably believing that Michael Breslin was going to represent their interest in this matter."  Memorandum (Doc. 16) at 8.  The delay by Defendants in filing any document was significant.  Defendants assert that Winters directed Defendant ACA's office manager to forward the Summons and Complaint to Michael J. Breslin, Jr., Esq. for "the handling of this matter."  *See* Memorandum ¶ 2 at 1.  Breslin did not communicate with Defendants with regard to the forwarded documents.  *Id.* ¶ 10 at 3.  Defendants state: "[o]n prior occasions and prior litigation, Mr. Breslin had resolved all matters against Defendant [ACA] by way of settlement that were filed outside the State of New Jersey and had filed answers to the summons and complaints that were filed in the United States District Court for the District of New Jersey."  *Id.* ¶ 9 at 3.  They assert  that "Winters and Defendant [ACA] reasonably assumed that Breslin was handling this

matter." *Id.* ¶ 11 at 3.   There is no indication that Defendants ever contacted Breslin to inquire as to the status of the case and whether he was handling it, and, critically, Defendants have not submitted an affidavit by Breslin to explain why he did not respond to the Defendants' communications.   *See Pelican Prod. Corp.*, 893 F.2d at 1146 (noting that the Tenth Circuit knew "of no reason that the failure of Pelican's lawyer . . . to answer the motion to dismiss would be excusable. Perhaps an excuse would be offered if we had his affidavit on his reason for not responding, but we do not" and concluding that Pelican had failed to provide "proof in the record" that it was "wholly innocent" in failing to respond).   Further, the Defendants admit that they received the notice of entry of default and motion for hearing on damages, yet they still did nothing but forward the documents to the attorney who had failed to answer the Amended Complaint.   *See* Doc. 16, Ex. B at 3.

The Court finds that there has been no excusable neglect on the part of either Defendant. Defendants were aware of the case and are not unsophisticated litigants.   Defendant ACA is a collection agency that has experience with litigation.   As it notes in its memorandum,[2] collection-agency action is consistently challenged in the courts.   Defendant Kalina is a licensed attorney; he is knowledgeable in court practices and litigation responsibilities.   It was not reasonable for Defendants to believe that Breslin was going to represent their interest in the matter, especially after they were notified that Breslin had not, in fact, answered the Amended Complaint.   It appears that Breslin did not indicate to Defendants that he was handling the matter.   There is no showing that Defendants made any inquiry of Breslin about the status of the case at any time.   Defendants had ample opportunity to learn that an answer had not been filed and, by April 10, 2009, when they were

---

[2]*See* Memorandum ¶¶ 8 and 9, at 2-3.

served with the motion for entry of default, had the case number that they could have looked up on the national CM/ECF case database to review the proceedings.  And, even if "there was an honest mistake and misunderstanding between the Defendants and Michael Breslin, who they believed was representing their interest in this matter,"[3] any honest mistake or misunderstanding should have ended, at the latest, near the time when Defendants each received notice of a motion for default judgment.  They were still being served with documents and were on notice of the activities of the Court with regard to Plaintiff's claims.  Moreover, after learning of the default judgment and receiving a letter from Breslin advising them to retain counsel in New Mexico to resolve the matter, Defendants did not initiate the proceeding to vacate the default judgment until February 2010, almost 19 months after the original Complaint was filed, and more than 8 months after the entry of default was filed, and more than 6 months after the default judgment was filed.  Defendants were culpable for the default judgment being entered.  Because the Court has made a determination of culpability, it need not address the other factors.  The Court concludes, however, that the Plaintiff would be unfairly prejudiced by having to relitigate the matter after having already presented her evidence and arguments to the Court.

Defendants actions do amount to neglect, but definitely not to excusable neglect.  There was no excuse for Defendants allowing the default to occur and waiting so long to set it aside.  The Court therefore will refuse to set aside the default judgment.

## CONCLUSION

For the reasons described above, the Court hereby DENIES Defendants' Rule 60(b) Motion to Set Aside Judgment [Doc. 15].

---

[3]Memorandum at 11.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE