# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

ANDREA J. FELTS,

     Plaintiff,

v.                                                                No. 08-CV-755 WJ/WDS

ACCREDITED COLLECTION AGENCY,
INC. d/b/a ACA RECOVERY, INC. and
NORMAN G. KALINA,

     Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR SUPPLEMENTAL ATTORNEY'S FEES AND COST AWARD

THIS MATTER comes before the Court on Plaintiff's Motion for Supplemental Attorney's Fees and Cost Award, filed April 6, 2011 (Doc. 34). Having considered the parties' written arguments and the applicable law, the Court finds that the motion shall be granted in part.

## BACKGROUND

Plaintiff Andrea Felts brought suit against Defendants Accredited Collection Agency and Norman Kalina for violations of various consumer statutes, alleging that Defendants engaged in unlawful debt collection practices. Defendants failed to answer the complaint, and the Court granted default judgment against them in the total amount of $35,264,81 (Doc. 13). This figure includes $1000 in statutory damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; $10,000 in damages under the New Mexico Unfair Practices Act ("UPA"), N.M. Stat. Ann. § 57-12-2(D), trebled; and $4264.81 in costs and attorney's fees under

the FDCPA and the UPA. The Court's order on default judgment provided that Plaintiff is entitled to collect attorney's fees and costs reasonably accrued in collection or enforcement actions taken pursuant to the judgment. Doc. 13 at 3. Defendants entered an appearance to contest the default judgment, but the Court declined to set it aside, and the Tenth Circuit affirmed.

The instant motion seeks $17,722.41 in postjudgment costs and attorney's fees related to the collection of the judgment. Defendants object to both the Court's authority to award fees related to postjudgment collection and the reasonableness of the fees requested.

## DISCUSSION

## I.    Postjudgment Fees and Costs

Defendants argue that "Plaintiff can only recover attorney fees and costs at trial and subsequent appeal," and cite to the fee-shifting provision of the UPA. This subsection reads in full:

The court shall award attorney fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails. The court shall award attorney fees and costs to the party charged with an unfair or deceptive trade practice or an unconscionable trade practice if it finds that the party complaining of such trade practice brought an action that was groundless.

N.M. Stat. Ann. § 57-12-10(C). This provision, on its face, makes no mention of a limitation on an award of attorney's fees to "trial and subsequent appeal." Defendants cite no case law interpreting the provision one way or another.

On the other hand, well settled precedent recognizes that a reasonable attorney's fee award under numerous federal statutes includes postjudgment costs of collection. "[T]he presumptive entitlement of a prevailing plaintiff . . . to an award of reasonable attorney's fees (and related expenses) extends to the fees incurred by the plaintiff in attempting to collect the

2

judgment, since otherwise the objective of awarding attorney's fees in such cases, which is to encourage the filing of meritorious . . . suits, would be impaired." *Vukadinovich v. McCarthy*, 59 F.3d 58, 60-61 (7th Cir. 1995) (citations omitted). The Tenth Circuit has held that costs of collection are included in an attorney's fee award in civil rights cases, cases arising under the Clean Air Act, and the False Claims Act ("FCA"), *see Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 544-45 & n.6 (10th Cir. 2000), as well as Title VII cases, *see Karnes v. SCI Colo. Funeral Servs., Inc.*, 166 F.3d 347, at *3-4 (10th Cir. 1998) (unpublished table decision). The fee-shifting provisions of these statutes are substantially similar to the fee-shifting provision in the FDCPA. *Compare* FCA, 31 U.S.C. § 3730(d)(2) ("Such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs."), *and* FCA, 31 U.S.C. § 3730(h)(2) ("Relief . . . shall include . . . any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees."), *with* FDCPA, 15 U.S.C. § 1692k(a)(3) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . in the case of any successful action to enforce the foregoing liability, [for] the costs of the action, together with a reasonable attorney's fee as determined by the court.").

"A party in entitled to recover fees for post-judgment work if she succeeds 'on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Karnes*, 166 F.3d 347, at *3-4 (quoting *Joseph A. by Wolfe v. N.M. Dep't of Human Servs.*, 28 F.3d 1056, 1059 (10th Cir. 1983)). Here, Plaintiff was successful on every significant issue in the litigation and achieved the benefit she sought in bringing suit: a judgment in her favor, a permanent injunction, and damages. Doc. 13. Thus, the Court finds that Plaintiff's motion for attorney's fees requests relief that must be granted under the mandatory fee-shifting

provisions of the FDCPA, 15 U.S.C. § 1692k(a)(3), and the UPA, N.M. Stat. Ann.

§ 57-12-10(C).

## II.    Amount of Fees

To determine the reasonableness of a fee request, a court must begin by calculating the

"lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount

reflects a "reasonable" fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S.

546, 563-65 (1986). The lodestar calculation is the product of the number of "reasonable hours"

and a "reasonable rate." *Cooper v. Utah*, 894 F.2d 1169, 1171 (10th Cir. 1990).

Defendants object to the amount of fees requested by Plaintiff. However, their objections

are generic and lack specificity. "Generalized statements that the time spent was reasonable or

unreasonable of course are not particularly helpful and not entitled to much weight. As the

district court must be reasonably precise in excluding hours thought to be unreasonable or

unnecessary, so should be the objections and proof from fee opponents." *Norman v. Hous. Auth.*

*of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (citation omitted). To the extent that

Defendants' objections are nonspecific, they are denied.

Moreover, Defendants' entire response brief confuses the remedy Plaintiff is seeking: she

moves for all fees billed *post-judgment*, and Defendants seem to be arguing that she should only

receive fees billed *post-appeal*. For example, Defendants argue that Plaintiff bills fees for her

response to Defendants' motion to set aside the default judgment and that these fees are

"unrelated" and "unreasonable." Doc. 36 at 4. The Court disagrees. Clearly, Plaintiff's response

to Defendants' motion to set aside the default judgment was a reasonable and necessary expense

incurred in the bringing of her meritorious consumer protection lawsuit. The case law discussed

above speaks of attorney's fee awards after the entry of judgment, not after the ruling is handed

4

down on appeal. Therefore, the Court denies Defendants' objections related to work performed before the Tenth Circuit mandate entered on January 26, 2011 and after this Court's entry of default judgment on July 30, 2009.

Defendants raise one specific objection to the work of Plaintiff's New Jersey counsel, Mr. Pinilis. Defendants claim that his hourly rate is not proportional to the work he performed. Defendants claim that Mr. Pinilis only filed one post-appeal motion, which was "boilerplate" and "unopposed." Doc. 36 at 5. Defendants contend that "a trial court in New Jersey would not award more than $250.00 to $300.00 for filing such a motion." Doc. 36 at 5. Mr. Pinilis' affidavit declares that he "spent a total of 8.4 hours reviewing documents, corresponding with New Mexico counsel, drafting, revising, and finalizing various correspondence, the within declaration, and the motions. The motions included a motion for reconsideration, and a motion to turnover funds, and their respective supporting documents, which included a brief, certifications, and proposed orders." Pinilis Aff. ¶ XI (Doc. 35-2). His hourly rate is $500 and he incurred $175 in expenses. *Id.* ¶¶ IX, XII.

The Court tends to agree with Defendants that a $500 hourly rate is "not reasonable and should be reduced." Doc. 36 at 4. It is clear to the Court that even in New Jersey, courts do not routinely award hourly rates at such a high level. In one case from 2007, the District of New Jersey noted that a rate of $300 per hour is "generous" and "justified only where the attorney shows the efficiency normally associated with his or her years of specialized practice in the field." *P.N. v. Clementon Bd. of Educ.*, Civil No. 02-1351 (FLW), 2007 WL 1186552, at *3 (D.N.J. Apr. 20, 2007). Even more aptly for purposes of this case, in a consumer litigation case arising under the FDCPA from 2009, the District of New Jersey found that a $325 hourly rate was reasonable. *Stair ex rel. Smith v. Thomas & Cook*, Civil No. 06-4454 (JBS/AMD), 2009 WL

5

1635346, at \*3 (D.N.J. June 10, 2009). Both counsel in that case had similar experience to that of Mr. Pinilis in terms of the length of their practice of law and their specialties. *Id.* at \*3 nn. 4&5. Therefore, the Court finds that an hourly fee of $325 for the work performed by Mr. Pinilis is a reasonable rate given the services he provided in this case, the "efficiency" of his work, and his experience in the relevant area of law. Therefore, the Court will reduce the requested award by $1470 – the difference between 8.4 hours of legal work performed at $500 an hour ($4200), and that work performed at $325 an hour ($2730). For work done by Mr. Pinilis, the Court awards Plaintiff the amount of $2905, or $2730 plus costs of $175.

Finally, Mr. Treinan, who is local counsel for Plaintiff, charges an hourly rate of $250. Treinan Aff. ¶ 15 (Doc. 35-2). He testifies that this rate is reasonable for the market given his extensive experience. *Id.* ¶ 16. The Court finds that this is reasonable for the local legal market. For work expended up until the filing of the instant motion, Mr. Treinan has billed $11,092.50, plus a gross receipts tax of $776.47, and $253.44 in costs. *Id.* ¶ 22. Additional services billed in connection with briefing the instant motion totaled $1225. Reply Ex. 1, Trienan Aff. ¶ 4 (Doc. 37-1). The Court finds that Mr. Treinen has exercised billing discretion in not requesting fees related to work done on the Tenth Circuit appeal, work done by the associate and paralegal who worked on this case at Mr. Treinan's former firm, or work done by Plaintiff's initial counsel hired in New Jersey, Mr. Fell. These reductions are appropriate and support the overall reasonableness of the bill. In total, the Court finds that this billing reflects a reasonable amount of hours spent on collecting the judgment in this case and that Plaintiff has provided sufficient evidentiary support for the amount sought.

**THEREFORE, IT IS ORDERED** that Plaintiff's Motion for Supplemental Attorney's Fees and Cost Award (Doc. 34) is GRANTED IN PART. Plaintiff is hereby awarded $16,252.41 in supplemental attorney's fees and costs.

_____

UNITED STATES DISTRICT JUDGE